**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHERYL MIXON, on behalf of herself and all others similarly situated, | ) ) ) | |
| PLAINTIFF, | ) ) | Civil Action No. 20-cv- |
| v. | ) ) | |
| CONTRACT CALLERS, INC., | ) ) | |
| DEFENDANT. | ) | <u>Jury Demanded</u> |

**CLASS ACTION COMPLAINT**

Plaintiff, Cheryl Mixon, individually and on behalf of a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because parts of the acts and transactions occurred in this District and Defendant transacts substantial business in this District.

**STANDING**

3.      Defendant sent Plaintiff a collection letter that failed to notify her that the alleged debt referenced therein was time-barred, and failed to notify her of the consequences of making payments on a time-barred debt.

1

4.      Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any false statements, deceptive omissions, and false threats.

5.      Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if she incurs no other injury[.]").

## PARTIES

6.      Plaintiff, Cheryl Mixon ("Plaintiff") is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted T-Mobile cellular phone account that was originated, and used, for personal purposes.

7.      Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

8.      Defendant, Contract Callers, Inc. ("CCI"), is a Georgia corporation that does or transacts business in Illinois. Its registered agent is Illinois Corporation C, 801 Adlai Stevenson Drive, Springfield, Illinois, 62703.

9.       CCI holds a collection agency license from the state of Illinois.

10.     CCI maintains a website, www.contractcallers.com.

2

11.     At the time of filing of this lawsuit, CCI's website read in part as follows:

# ABOUT CONTRACT CALLERS INC

Established in 1926, Contract Callers, Inc. (CCI) is a unique business process outsourcing company, committed to the highest standards of quality, performance, customer service, and compliance. We are a privately held corporation that has displayed consistent, profitable growth leading to a solid financial foundation. We employ over 600 employees in offices located throughout the continental U.S. CCI provides valuable outsourcing services to a variety of industry verticals via our distinct operating divisions.

## CCI Call Center Solutions

CCI Call Center Solutions offers clients across all business sectors customer care & complete credit life cycle solutions. From first party care services to all stages of third party collections & beyond, CCI creates custom scale-able solutions utilizing our innovative processed based technology; while meeting the ever changing regulatory & compliance standards of the industry. Daily, CCI's employees handle thousands of consumer interactions from our sites strategically located throughout the United States.

https://www.contractcallers.com/cci/, Accessed on 31 March, 2020.

12.      CCI regularly collects or attempts to collect defaulted consumer debts on behalf of others, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

**FACTUAL ALLEGATIONS**

13.     Plaintiff incurred an alleged debt for goods and services used for personal family and household purposes, originally for a defaulted T-Mobile cellular phone account ("alleged debt").

14.     The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

3

15.     Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

16.     After it went into default, T-Mobile referred the debt for collections to Receivables Performance Management LLC, which mailed Plaintiff a collection letter on or about June 30, 2017. (Exhibit A, First Letter).

17.     Sometime thereafter, the account was placed with CCI for collection.

18.     On or about September 23, 2019, CCI mailed Plaintiff a letter regarding the alleged debt ("Second Letter"). (Exhibit B, Second Letter).

19.     The Second Letter conveyed information regarding the alleged debt directly to Plaintiff, including the identity of the original creditor, an account number, and a current balance.

20.     The Second Letter was thus a "communication" as that term is defined at 15 U.S.C. § 1692a(2).

21.     The Second Letter was sent more than two years after the First Letter.

22.     Plaintiff defaulted on the alleged debt more than two years before the Second Letter was mailed.

23.     The Telecommunications Act, 47 U.S. Code § 415, states:

> **Limitations of actions**
> **(a)Recovery of charges by carrier**
> **All actions at law by carriers for recovery of their lawful charges, or any part thereof, shall be begun within two years from the time the cause of action accrues, and not after. . . .**

24.     T-Mobile is a "carrier" as defined by the Telecommunications Act.

25.     CCI was attempting to collect "charges" alleged to be incurred by Plaintiff, as the term "charges" is defined by the Telecommunications Act.

4

26.     The statute of limitations that applies to the alleged debt is thus two years.

27.     The express language of section 415 preempts any state statute of limitations period for legal actions for carriers. *Castro v. Collecto, Inc.*, 256 F.R.D. 534, 539 (W.D. Tex. 2009).

28.     Thus, the alleged debt was time-barred when CSI sent the Second Letter, which was more than two years after the cause of action relating to the alleged debt accrued.

29.     The Second Letter did not, however, inform Plaintiff that the debt was time-barred, and that Plaintiff could not be sued for it.

30.     The Second Letter did not inform Plaintiff that some actions, including a partial payment, could revive the statute of limitations and permit a lawsuit against Plaintiff.

31.     A letter is deceptive when it does not tell the consumer that the debt is time-barred and defendant cannot sue plaintiff to collect it or when it does not tell plaintiff that the effect of making (or agreeing to make) a partial payment on a time-barred debt is to revive the statute of limitations for enforcing that debt. *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 684 (7th Cir. 2017).

32.     The Second Letter did not contain material information relating to whether Plaintiff could be sued on the alleged debt, or the effect of making a payment on the alleged debt.

33.     Plaintiff did not know that she could not be sued on the alleged debt because of its age.

34.     An unsophisticated consumer would not know that she could not be sued on the alleged debt because of its age.

35.     Plaintiff did not know that making a payment, or even attempting to make a payment, would reset the statute of limitations on the debt, permitting CCI or one of T-Mobile's other debt collectors to sue Plaintiff to collect the alleged debt.

36.     The unsophisticated consumer would not know that making a payment, or even attempting to make a payment, would reset the statute of limitations on the debt, permitting CCI or one of other T-Mobile's other debt collectors to sue said consumer to collect the alleged debt.

37.     The Second Letter references the possibility that a "judgment" has been, or could be, obtained in connection with the alleged debt.

38.     A judgment has not been entered on the alleged debt, however, and cannot legally be entered on the alleged debt due to the age of the same.

39.     CCI's reference to a judgment made Plaintiff believe that she could still be sued as to the alleged debt.

40.     CCI's reference to a judgment would induce an unsophisticated consumer to believe that a lawsuit could still be filed to collect the alleged debt.

41.     The Second Letter was deceptive.

42.     15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2) The false representation of—**

6

**(A) the character, amount or legal status of any debt; . . .**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer. . . .**

43.     CCI made deceptive and misleading representations,  in violation of 15 U.S.C. §§ 1692e(2)(A) and 1692e(10), when it attempted to collect a time-barred debt without informing Plaintiff that she could not be sued on the debt as it was time-barred, and that certain actions such as payments could reset the statute of limitations.

44.     CCI misrepresented the legal status of an alleged debt, in violation of 15 U.S.C. § 1692e(2)(A), when it attempted to collect a time-barred debt without informing Plaintiff that she could not be sued on the alleged debt as it was time-barred.

45.     15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair Practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

46.     CCI engaged in an unfair practice, in violation of 15 U.S.C. § 1692f, when it attempted to collect a time-barred debt without informing Plaintiff that she could not be sued on the alleged debt as it was time-barred, and that certain actions such as payments could reset the statute of limitations.

47.      CCI's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

48.     Plaintiff brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Defendant CCI

attempted to collect a defaulted telephone cellular service consumer debt on behalf of T-Mobile (3) by mailing a letter substantially similar to that contained in Exhibit B (4) which attempted to collect a debt for cellular service that had been in default for more than two years (5) but which did not inform the recipient that he or she could not be sued for the debt due to its age, and/or that certain actions could reset the statute of limitations (6) which letters were mailed during the time period that begins one year prior to the filing of this Class Action Complaint, and ends on the date of the filing of this Class Action Complaint.

49.     Exhibit B is a form letter.

50.     As Exhibit B is a form letter, the Class likely consists of more than 40 persons.

51.     Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

52.     The prosecution of separate actions by individual members of the Class would create a risk inconsistent or varying adjudications with respect to individual members of the Class, and would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

53.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult,

and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.

54. Plaintiff has retained counsel that has previously been appointed as class counsel in class action lawsuits brought under the FDCPA.

55. Defendant CCI has a net worth in excess of $50 million.

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

56. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

57. CCI made deceptive and misleading representations. in violation of 15 U.S.C. §§ 1692e(2)(A) and 1692e(10), when it attempted to collect a time-barred debt without informing Plaintiff that she could not be sued on the alleged debt due to its age, and that certain actions such as payments could reset the statute of limitations.

58. CCI misrepresented the legal status of an alleged debt, in violation of 15 U.S.C. § 1692e(2)(A), when it attempted to collect a time-barred debt without informing a consumer that she could not be sued on the alleged debt due to its age.

59. CCI engaged in an unfair practice, in violation of 15 U.S.C. § 1692f, when it attempted to collect a time-barred debt without informing Plaintiff that she could not be sued on the alleged debt due to its age, and that certain actions such as payments could reset the statute of limitations.

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and in favor of the Class, and against Defendant CCI, as follows:

A.     Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

B.     Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

C.     Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

By: /s/*Mario Kris Kasalo*

One of Plaintiff's Attorneys

Mario Kris Kasalo
**The Law Office of M. Kris Kasalo, Ltd.**
20 North Clark Street, Suite 3100
Chicago, IL 60602
Tel 312-726-6160
Fax 312-698-5054
mario.kasalo@kasalolaw.com

### NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Mario Kris Kasalo*
Mario Kris Kasalo

10